

# NUMBER 13-26-00519-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CARLOS NATHAN BERLANGA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

Relator Carlos Nathan Berlanga filed a pro se petition for writ of mandamus through which he seeks to compel the trial court to: (1) rule promptly on relator's pending motions challenging service and personal jurisdiction; (2) hold a jurisdictional hearing and make express findings before enforcing any order that depends on contested service or personal jurisdiction; (3) comply with Texas Rule of Civil Procedure 18a by halting further action on the merits until relator's recusal motion has been decided; and (4) vacate or

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

stay any enforcement order that was entered while relator's motion for recusal was pending or that depends on invalid service. We deny the petition for writ of mandamus.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. That burden includes, *inter alia*, providing a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3, 52.7; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
7th day of July, 2026.

2